## GALE REALTY CO v COOK

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9290. Decided Feb 4, 1929

Gottfried & Silber, Cleveland, for Realty Co.

Ray T Miller & E J Hopple, both of Cleveland, for Cook.

**LEVINE, J.**

It is contended on the part of defendant in error that the rule **caveat emptor** applies to a purchaser at judicial sales and that therefore a bidder at Sheriff's sale does so at his own risk and once the property is sold to him as the highest bidder he is bound to go through with the purchase and that the sheriff is only required by law to convey whatever he has and no more.

It appears that the common pleas court adopted a rule that in every foreclosure case an abstract of title must be presented to the court and that before a decree is entered by the court the court must pass on the question whether all parties having an interest in the property were made parties. There may be some question as to the power of the court to adopt such a rule, but the purpose of the rule is quite clear, namely, to protect bidders at Judicial Sales, and to permit no judicial or sheriff's sales unless the sheriff can give a marketable title.

The proceedings for contempt in this case were had under the provisions of **Sec. 11687 GC.** of Ohio, which is as follows:

"The court from which an execution or order of sale issues, upon notice, and motion of the officer who makes the sale, or of an interested party, shall punish, as for contempt, any purchaser of real property who fails to pay the purchase money therefor."

It seems to us that in the exercise of sound discretion on the part of the court, a purchaser at judicial sales should not be punished for contempt for declining to take property where there is an apparent serious defect in the title making the same unmarketable. Otherwise the court would become a party to perpetrating a fraud upon a bidder in good faith at a judicial sale. There is this additional element in the case, namely, that the rule of the common pleas court which requires an abstract of title to be filed in every foreclosure case, and also requires the court, before entering a decree, to pass upon the question as to whether all parties having an interest in the property were made parties, amounts to a representation to all bidders at Sheriff's sales that the decree was entered in full compliance with said rule and that it is safe to bid at judicial sales in foreclosure cases. Plaintiff in error had a right to rely upon this representation.

Since it is the admitted fact that Burton Nicholson who has an undisputed dower interest in the land was not made a party in accordance with the law, and that there is therefore a serious defect affecting the marketability of the title, the plaintiff in error could not be adjudged guilty of contempt under the circumstances.

Holding as we do, the judgment of the Common Pleas Court is reversed and judgment is entered in favor of plaintiff in error.

Sullivan, PJ, and Vickery, J, concur.